Cavanagh, J.
(concurring). As the arguments by the majority and the very able dissent demonstrate, it is a close question whether the variance between the bill as passed by the Legislature and as approved by the Governor is sufficiently great to prevent 2001 PA 115 from having been validly enacted. In a sense, as the dissent notes, the variance is an important one, because inclusion of the two omitted census tracts is *621 essential to the constitutionality of the districting plan. On the other hand, the intent that these two tracts be included in District 15 is clear, given that their inclusion makes the populations of the districts correspond exactly to those stated in § 4(e)(i) of the bill.
The majority correctly notes that redistricting is primarily a legislative function, and the courts are extremely reluctant to intervene in the process. Where we have become involved in the past, it was because the Legislature and Governor failed to adopt apportionment plans, and, even as we developed plans in order to provide for the continuity of government by ensuring that a constitutionally apportioned Legislature could be elected, we have given them every opportunity to act. See In re Apportionment of the State Legislature—1992, 439 Mich 715, 722, 724; 486 NW2d 639 (1992); In re Apportionment of State Legislature—1982, 413 Mich 96, 142; 321 NW2d 565 (1982).
In recognition of the inappropriateness of judicial intervention into the redistricting process, the disruption that would occur in the upcoming election if the matter were to be returned to the Legislature for reenactment of the plan, with a return trip to this Court a very real probability, and the fact that the correction of the bill by the Secretary of the Senate conformed the bill to the clear intention of the Legislature, I concur in the result reached by the majority.